IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SHARON MOSBY                                                                                           PLAINTIFF

v.                                    NO.  4:07cv00021 WRW-JWC

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                                                      DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge William R. Wilson.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Sharon Mosby, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits and Supplemental Security Income, based on disability.  Both parties have submitted appeal briefs and the case is ready for decision.  Plaintiff is now proceeding pro se, but was represented by counsel at the hearing and on the brief in this Court.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v.

Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Plaintiff alleged that she was limited in her ability to work by a bone disorder and possible lupus.  (Tr. 68.)  The Commissioner found that she was not disabled within the meaning of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through August 10, 2006, the date of his decision.  (Tr. 20.)  On December 22, 2006, the Appeals Council received and considered medical evidence[2] and then denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Tr. 5-7.)  Plaintiff then filed her complaint initiating this appeal (doc. 2).

---

[1] The Hon. Garry L. Brewer.

[2] This evidence was already in the administrative record.  (Tr. 154-59.)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 34 years old at the time of the hearing.[3] (Tr. 236.) She completed high school and two years of college. (Tr. 73, 236, 253.) The ALJ found she has past relevant work in retail sales and factory work. (Tr.18.)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4) (2006). The ALJ found that she had not engaged in substantial gainful activity since August 1, 2003, her alleged onset date. (Tr. 15.) He found that she had "severe" impairments, arthritis of the back and hands, asthma and seasonal allergies, but that she did not have an impairment or combination of impairments that met or equaled a Listing. Id. Although he found Plaintiff generally credible, he judged that her statements regarding the intensity, persistence and limiting effects of her symptoms were not entirely credible. (Tr. 17.)

The ALJ found that Plaintiff retained the residual functional capacity to lift and carry 25 pounds, to stand six hours in an eight-hour workday in one hour increments, walk for six hours in an eight-hour workday in 30 minute intervals, occasionally bend, kneel and crouch, but must avoid temperature extremes, wetness, humidity, fumes, odors, dust, gasses and poor ventilation. (Tr. 16.)

He determined that she was unable to perform any of her past relevant work. (Tr. 18.) Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding her limitations, for example, data entry clerk, receptionist, insurance clerk or information clerk. (Tr. 19.) Consequently, the ALJ concluded that Plaintiff was not disabled. Id.

Plaintiff contends that the ALJ's credibility determination was internally inconsistent.

---

[3]The ALJ incorrectly stated in his decision that she was 33 years old as of her alleged onset date. (Tr. 18.) Actually, she was 31. (Tr. 52, 220.)

(Br. 8-9.) She correctly notes that, in couching the hypothetical question for the vocational expert, he stated that she was credible:

> BY ADMINISTRATIVE LAW JUDGE:
>
> Q  Ms. Smith, I want to give you a hypothetical.  I think Ms. Mosby's credible.  I think she's outlined her limitations pretty well.  She says, and I believe her, that she's going to have to avoid working in damp areas, wet areas, dusty areas, areas where there's smoke, where it's cold, just basically a lot of those environmental type of things, about pollen.  She's not going to be able to work outside in the, in the pollen season, like in the spring when we have all the pollen.  But, but even on the inside she's going to have to avoid the damp, wetness, dust, smoke, temperature extremes, things like that.  And as far, as far as her physical, excuse me, as far as her physical limitations she said that she thought she could stand about an hour, walk 30 minutes, which, with a reasonable amount of breaks, she probably, if you total them up during the day we'll assume that she could, that she could make the six hours or most of the six hours or standing and walking if she didn't have to do it all at one time.  She said she could lift about 25 pounds.  She has some problems with her bending and kneeling.  She says that she does it but that some, you know, so I would ask you to put that she has, she can only occasionally bend and kneel and crouch.  Things like that.  She wouldn't be able to do it you know, day in, day out, all day.  I think the rashes that she has is, is, is caused by these things that she must avoid, these dust, smoke, fumes, those various different that she, that she won't be able to come into contact with.  Or she will have, breakout in a rash.  So, looks like those are her limitations. What, what's that going to do these past jobs that she's done.  The retail sales, the cleaning of the commercial establishment, cleaning, factory work and data entry?

(Tr. 253-54.)

While this hypothetical seems at odds with the ALJ's findings in his opinion that Plaintiff was not entirely credible, review of the entire record makes it clear that he believed her complaints were legitimate, but did not think her conditions were as limiting as Plaintiff portrayed them to be and did not think her limitations were disabling.  Thus, the seeming inconsistency would not be justification for remanding the case for clarification.  The ALJ discussed the factors to be considered in judging credibility and made a proper credibility analysis.  He considered Plaintiff's subjective complaints in light of Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984).[4]  (Tr. 16-17.)

---

[4]The ALJ also cited Social Security Ruling 96-7p 20 C.F.R. §§ 404.1529 and 416.929.  (Tr. 16.)  That Ruling tracks Polaski and 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3) and elaborates on them.

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
> 2. the duration, frequency and intensity of the pain;
> 3. precipitating and aggravating factors;
> 4. dosage, effectiveness and side effects of medication;
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

Polaski v. Heckler, 739 F.2d at 1322 (emphasis in original).

There is little objective support in the record for Plaintiff's claim of disability. No evaluations showed medical conditions that were disabling. Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints. Richmond v. Shalala, 23 F.3d 1141, 1443 (8th Cir. 1994).

Given the lack of medical evidence in support of Plaintiff's allegations, the type of medications taken, the lack of more treatment, Plaintiff's daily activities, her functional capabilities and the lack of restriction placed on Plaintiff by her physicians, the ALJ could rightly discount Plaintiff's subjective complaints. See, e.g., Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005) (ALJ may discount subjective complaints if there are inconsistencies in the record as a whole); Dunahoo v. Apfel, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as a whole); Dodson v. Chater, 101 F.3d 533, 534 (8th Cir. 1996) (after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole).

There is scant medical evidence to support a claim for disability.  Rose Shaw-Bullock, M.D., wrote a To Whom It May Concern letter on Plaintiff's behalf in March 2006. (Tr. 151.)  She noted Plaintiff's history of seasonal allergies.  Id.  She indicated Plaintiff was not on chronic or preventive therapy for allergies.  Id.  She was going to refer Plaintiff to an allergy clinic.  Id.  There is a significant amount of medical records from Arkansas Primary Care Clinics, but it is all dated 1994 though 1998.  (Tr. 160-217.)

Plaintiff underwent a general physical examination in February 2005. (Tr. 135-40.) Plaintiff had a full range of motion in the spine and all extremities.  (Tr. 138.)  She was neurologically intact; there was no evidence of muscle weakness or atrophy, and no sensory abnormalities were noted. (Tr. 139.)  Gait and coordination were normal.  Id.  She could stand and walk without assistive device, walk on heels and toes and squat and arise from a squatting position.  Id.  The physician noted no limitations in her ability to walk, stand, sit, lift, carry, handle, finger, see, hear or speak, etc.  (Tr. 140.)

The ALJ's credibility analysis was proper.  He made express credibility findings and gave multiple valid reasons for discrediting Plaintiff's subjective complaints.  E.g., Shelton v. Chater, 87 F.3d 992, 995 (8th Cir. 1996); Reynolds v. Chater, 82 F.3d 254, 258 (8th Cir. 1996);  Hall v. Chater, 62 F.3d 220, 224 (8th Cir. 1995).  His credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence. Gregg v. Barnhart, 354 F.3d 710, 714 (8th Cir. 2003).

Plaintiff also argues that the ALJ failed to consider that Plaintiff's medications had side effects. (Br. 10.)  That is simply incorrect.  The ALJ mentions them several times in his opinion.  "She said the side effects from Albuterol were that she got winded."  (Tr. 16.) "She said the doctor gave her pain medication for joint and muscle pain but it caused a rash and dizziness."  Id.

> The next factor involves a discussion of the type, dosage, effectiveness and any alleged adverse side effects of pain medication.  Exhibit 6F gives a detailed explanation of the claimant's medications and her side effects of each.  Some of the side effects like the rash and muscle stiffness can be

6

caused by other factors as well.

(Tr. 17.)

Finally, Plaintiff contends that the ALJ failed to consider her impairments in combination. (Br. 10.) The ALJ discussed Plaintiff's impairments individually (Tr. 15, 16) and in combination (Tr. 15). Furthermore, the ALJ discussed Plaintiff's limitations of function, which are a cumulation of her impairments, at some length. (Tr. 16, 17, 18, 19.) Plaintiff's point is not well taken. See Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994); Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1992).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. Richardson v. Perales, 402 U.S. at 401; see also Reutter ex rel. Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

Therefore, the Magistrate Judge recommends that the decision of the Commissioner be affirmed and that Judgment be entered for Defendant dismissing this action with prejudice.

DATED this 2nd day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE